UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CEDRIC LEWIS, | : | |
| | : | |
| | : | Civil Action No. 23-22677 (BRM) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM & ORDER** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

Before the Court is *pro se* Petitioner Cedric Lewis's motion for default judgment (ECF No. 3) seeking default judgment on his motion to vacate, which he brings pursuant 28 U.S.C. § 2255 ("§ 2255 motion") (ECF No. 1). For the reasons explained below, the Court denies the motion for default judgment. (ECF No. 3.)

On November 30, 2023, the Court directed the government to file an answer to Petitioner's § 2255 motion. (ECF No. 2.) The government did not file its answer within the time provided, and Petitioner filed his motion for default judgment. (ECF No. 3.) On August 8, 2024, the government opposed Petitioner's motion for default judgment and requested an extension of time to file an answer *nunc pro tunc*. (ECF No. 4.) The government acknowledged its responsibility for failing to file the answer based on an unintentional oversight on the government's part. (*See id.*) The Court granted the government's request for an extension of time (ECF No. 5) and an answer was filed on September 23, 2024 (ECF No. 6).

"The entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default

judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63). A court considering entry of a default judgment must exercise its discretion in light of three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

Petitioner does not address these factors and bases his motion for default judgment solely on the government's failure to file a timely answer to his § 2255 motion. The Third Circuit has held, however, that the government's failure to respond to a § 2255 motion does not entitle the petitioner to a default judgment. *See*, *e.g.*, *In re West*, 591 F. App'x 52, 54 n.3 (3d Cir. 2015) (not precedential) ("Even if the Government had failed to respond to the § 2255 motion, it does not follow that West is entitled to a default judgment.") (citing *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990)); *see also Riley v. Gilmore*, No. 15-351, 2016 WL 5076198, at *1 n.2 (E.D. Pa. Sept. 20, 2016) ("Default judgment is inapplicable in the habeas context."), *certificate of appealability denied sub nom.*, *Riley v. Superintendent Greene SCI*, No. 16-3954, 2017 WL 5068120 (3d Cir. Feb. 9, 2017). This is so because "[w]ere district courts to enter default judgments without reaching the merits of [a habeas] claim, it would not be the defaulting party but the public at large that would be made to suffer by hearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them." *United States v. Dill*, 555

F. Supp. 2d 514, 521 (E.D. Pa. 2008) (quoting *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984)). Because entry of default is inappropriate in habeas cases where the government simply fails to file a timely answer, the Court denies Petitioner's motion for default judgment. Accordingly,

**IT IS** on this 6th day of December 2024,

**ORDERED** Petitioner's motion for default judgment (ECF No. 3) is **DENIED**; and it is further

**ORDERED** the Clerk of the Court shall send a copy of this Memorandum and Order to Petitioner at the address on file.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**